UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Choon's Design, LLC,<br><br>Plaintiffs,<br>v.<br>THE PARTNERSHIPS and<br>UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE "A",<br>Defendants. | Case No.: 1:20-cv-5923<br>Judge Rebecca R. Pallmeyer<br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Best AMZ Deal ("Best AMZ Deal") respectfully submits this memorandum of law in

support of its Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the

"Motion"). With this Memorandum, Best AMZ Deal submits the Declaration of Yuan Lv.[1]

PRELIMINARY STATEMENT

The foundation of Plaintiff's case is its unsubstantiated accusation that all 203

defendants, including Best AMZ Deal, are counterfeiters and willful trademark infringers

engaging in subterfuge from China. (*See, e.g.*, Ex Parte TRO at 26; Compl. at ¶ 4.) The

foundation of Plaintiff's case is utterly faulty as to Best AMZ Deal. Best AMZ Deal is not a

counterfeiter trying "to conceal [its] identit[y] and . . . counterfeiting operation . . . ." (Default

Mem. at 3.) On the contrary, Best AMZ Deal is an independent business in China that reached

---

[1] In this Memorandum of Law, Best AMZ Deal will use the following citation forms and abbreviations: (A) "Compl. ¶ _" refers to paragraphs in the Complaint; (B) "Default Mem." refers to Plaintiff's Memorandum in support of the motion for default judgment (Dkt. #73); (C) "Ex Parte TRO" refers to Plaintiff's Memorandum in support of its Ex Parte Motion for, *inter alia*, a temporary restraining order (Dkt. # 10); (D) "Lv Dec. at ¶ __" refers to paragraphs in Yuan Lv's declaration and (E) "PI Mem." refers to Plaintiff's Memorandum in support of the motion for preliminary injunction (Dkt. # 28). The terms "Refill Kit," "Operating Capital" and "Amazon Notice" are defined in the Lv Dec.

out to Plaintiff's counsel *three times* in October 2020 to try to resolve the issues in this lawsuit. (Lv Dec. at ¶ 8 & Exs. E1-E3.) However, Plaintiff did not serve Best AMZ Deal with the Complaint or respond to Best AMZ Deal's efforts to reach its counsel.

As set forth more fully below, because Plaintiff's motions in this case were based on the faulty foundational premise that Best AMZ Deal is a willful counterfeiter and infringer operating covertly (*see, e.g.*, Ex Parte TRO at 22; PI Mem. at 1-2; Default Mem. at 2), Plaintiff's entire case as to Best AMZ Deal crumbles. Accordingly, the relief Plaintiff has obtained in this case should be vacated.

<u>ARGUMENT</u>

I.   BEST AMZ DEAL WAS NOT SERVED WITH THE COMPLAINT OR ANY MOTION.

The threshold issue here is the lack of service. *See Walden v. Fiore*, 571 U.S. 277, 283 (2014) ("[A] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'") (citation omitted); *In re Cappuccilli*, 193 B.R. 483, 488 (Bankrp. N.D. Ill. 1996) ("Because a court asserts *in personam* jurisdiction . . . through service of process, an *in personam* judgment is void where the requirements for effective service have not been satisfied."); *see also Fed. Nat'l Ins. Co. v. Laredo*, No. 3:17-cv-1712-S, 2019 WL 5887399, at *6 (N.D. Tex. July 12, 2019) ("The inquiry . . . under Rule 60(b)(4) begins with asking whether [defendant] was properly served. . . . There are no presumptions in favor of valid . . . service . . . in the face of a[n] . . . attack on a default judgment . . . ."). Best AMZ Deal was never served with the Complaint in this case. *See Mid-Continent Wood Prods. v. Harris*, 936 F.2d 297 (7th Cir. 1991) (reversing district court's denial of Rule 60 motion even where defendant had actual notice of lawsuit but had not been received

the summons or complaint); *see also Lefevre v. Concord Servicing Corp.*, No. 99 C 1485, 2000 WL 45457, at *3-4 (N.D. Ill. Jan. 11, 2000) (granting Rule 60 motion and dismissing complaint for lack of personal jurisdiction where proper service was not made, even if there was actual notice of the lawsuit). As set forth in the Lv Declaration, Best AMZ Deal was not served in November 2020.

The first indication that Best AMZ Deal had of any lawsuit was in October 2020, and was from non-party Amazon. (Lv Dec. ¶ 5 & Ex. A.) The Amazon Notice stated that Best AMZ Deal's listing for its Refill Kit was being removed in response to a "Temporary Restraining Order issued by a Federal Court." The Amazon Notice then referred generally to infringement of another party's "copyright, patent, trademark, design right, database right, or other intellectual property right or other proprietary right" being prohibited. Missing from the Amazon Notice are: (1) the Complaint; (2) the claims being asserted; (3) the District or court that issued the "Temporary Restraining Order" or (4) the case number. What the Amazon Notice did include was contact information for Plaintiff's counsel, identified as the "rights owner." (*Id.*).

In October 2020, Best AMZ Deal made three separate efforts to reach Plaintiff's counsel. (*Id.* at ¶ 8.) Best AMZ Deal received no response to any of its three attempts. (*Id.*) Best AMZ Deal also tried to follow up with Amazon—all to no avail. (*Id.* at ¶ 9.) Best AMZ Deal did not obtain the Complaint until the end of March 2021 (*id.* at ¶¶ 9-10), when counsel obtained it from the PACER website.

The law in the Seventh Circuit is clear regarding Rule 60(b): "Although relief under Rule 60(b) is subject to review for abuse of discretion, if a 'judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment.'" *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) (citation omitted); *see also Temtex*

3

*Indus., Inc. v. TPS Assocs., LLC*, No. 09 C 1379, 2012 WL 1988020, at *3 (N.D. Ill. June 4, 2012) ("Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief . . . .") (citation omitted).  Stated differently, where a default judgment rests upon a failure to comply with the relevant laws regarding service, that judgment is void, and a "district court [is] therefore *required to vacate* the [default] judgments . . . ."  *Price*, 505 F.3d at 632.  The Seventh Circuit has determined that where a district court did not obtain jurisdiction over a party as an initial matter, relief pursuant to Rule 60(b)(4) is warranted.  *See Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 918 (7th Cir. 2015).  As a result of Plaintiff's failure to serve Best AMZ Deal, this Court had no jurisdiction over it, making Rule 60(b)(4) relief appropriate.  *See In re Outboard Marine Corp.*, 369 B.R. 353, 358-60 (Bankrp. N.D. Ill. 2007) (granting Rule 60(b)(4) motion where movant presented sworn affidavits that it had not received summons and complaint); *see also Indymac Bank, F.S.B. v. Visvabharathy*, Case No. 07 C 6226, 2008 WL 11399566, at *5 (N.D. Ill. Sept. 8, 2008) (determining that defendant's affidavit showing that service was not properly made required, "by operation of law, the default order [be] vacated").

The touchstone of this Court's inquiry under Rule 60(b)(4) is due process:  "A judgment may be deemed void if . . . rendered . . . in a manner inconsistent with due process of law."  *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir. 1998).  This case presents a classic example of denial of due process: "Until the end of March 2021, Best AMZ Deal did not know where in the United States it was being sued, was unsure of exactly what claims were being made against it and was unsure of who was suing it."  (Lv Dec. at ¶ 10.)

Allowing the Final Judgment against Best AMZ Deal to stand on essentially the scant information in the Amazon Notice, the only substantive information Best AMZ Deal had until

March 2021, is inconsistent with due process. *Grun*, 163 F.3d at 423 ("An elementary and fundamental requirement of due process . . . to be afforded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations omitted); *see also Higgason v. Autterson*, 49 Fed. Appx. 73, 76-77 (7th Cir. 2002) (vacating default judgment where district court did not have personal jurisdiction). The Final Judgment should be vacated, and the case against Best AMZ Deal dismissed. *See also Sweeney v. United States*, 754 Fed. Appx. 440, 442 (7th Cir. 2018) (vacating district court's judgment pursuant to Rule 60(b)(4) for lack of jurisdiction with instructions to the district court to dismiss the case); *BE2LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (reversing district court's denial of Rule 60(b)(4) motion based upon a lack of jurisdiction and dismissing complaint); *Boehm v. Zimprich*, 14-cv-16-jdp, 2016 WL 1453064, at *2 (N.D. Ill. Apr. 13, 2016) ("Without proper service, the court does not have personal jurisdiction, making the default judgment void."); *Temtex*, 2012 WL 1988020, at *3-4 (holding that where underlying judgment is void for lack of jurisdiction, Rule 60(b)(4) motion must be granted and dismissing complaint).

II.    ALTERNATIVELY, THE FINAL JUDGMENT SHOULD BE SET ASIDE PURSUANT TO RULE 60(B)(1).

Rule 60(b)(1) provides an alternate basis upon which to set aside the Final Judgment. *See Strabala v. Zhang*, 318 F.R.D. 81, 89 (N.D. Ill. 2014); *see also Conn. Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 884 (7th Cir. 1990). This Court has articulated a three-part standard for evaluating a request for relief pursuant to Rule 60(b)(1)— "the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Delgado v. I.C. Sys., Inc.*, No. 17-cv-04918, 2020 WL 5253686, at *1 (N.D. Ill. Sept. 30, 2020). The inquiry regarding "excusable neglect" is an equitable one, taking

5

into account "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Flexicorps v. Beck*, No. 02 C 8167, 2004 WL 2325829, at *2 (N.D. Ill. Oct. 12, 2004). All three requirements are satisfied here.

A.     ANY NEGLECT WAS EXCUSABLE AND WITH GOOD CAUSE.

This case is not one of willful neglect where a default judgment is warranted. *See Smith v. Red Rock Prods., LLC*, No. 20-C-34, 2020 WL 5259058, at *1 (E.D. Wis. Sept. 3, 2020) ("Default judgment is a . . . 'last resort, appropriate only when a party willfully disregards pending litigation.'") (citation omitted); *see also Sun v. Bd. Of Trustees of the Univ. of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007) (affirming decision to vacate default judgment where "the district court likely realized . . . [that] this case does not represent one of those rare situations in which entry of default is appropriate"). Instead, Best AMZ Deal acted diligently to learn and obtain notice of this lawsuit, including three e-mails sent directly to Plaintiff's counsel at the end of October. (Lv Dec. at ¶ 8 & Exs. E1-E3.)

The delay in Best AMZ Deal's appearance in this case should be attributed to Plaintiff for at least the following reasons. *First*, as the party who filed this lawsuit under seal, providing notice to the defendants about this lawsuit was uniquely in the control of Plaintiff. *See, e.g.*, *Fed. Nat'l*, at *13 ("As to . . . non-service, it remains a plaintiff's burden to properly . . . serve an opposing party."). *Second*, in October 2020, Best AMZ Deal informed Plaintiff's counsel that "[w]e are not sure what the infringement is." Had Plaintiff's counsel responded to even one of Best AMZ's three e-mails, it is likely that it would have realized that Best AMZ Deal had not received the Complaint. (Lv Dec. at ¶ 8 & Exs. E1-E3.)

The extreme sanction of a default judgment is unjust as to Best AMZ Deal. *See, e.g.*, *W. Bend Mut. Ins. Co. v. Belmont State Corp.*, No. 09 C 354, 2010 WL 11712781, at *1 (N.D. Ill. Apr. 16, 2010) ("[A] default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing.") (citation omitted). Best AMZ Deal is not the quintessential party against whom default judgment is warranted; namely, a party who consistently and repeatedly ignores a lawsuit, only to rise up after a judgment to complain. *See, e.g.*, *Simon v. Pay Tel Mgmt., Inc.*, v. 782 F. Supp. 1219, 1227-30 (N.D. Ill. 1991). On the contrary, Best AMZ Deal is a foreign business attempting to navigate the U.S. legal system from China, and it diligently and repeatedly endeavored to resolve this matter, even though it had not been served with the Complaint. (Lv Dec. at ¶¶ 5-10.) In this case, the harsh sanction of default judgment is inequitable and should be vacated. *See, e.g., Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981) (vacating denial of Rule 60(b)(1) motion where record revealed "no willful pattern of disregard for the court's orders or rules and defendants were "burdened with a . . . judgment with no opportunity to present their defenses").

B.    BEST AMZ DEAL HAS MOVED WITH REASONABLE QUICKNESS.

As set forth in the accompanying Lv Declaration, the first time Best AMZ Deal received the Complaint in this case was at the end of March 2021, after the Court entered Final Judgment. (Lv Dec. at ¶ 11.) After first trying to obtain information from Plaintiff's counsel and Amazon in the last quarter of 2020, Best AMZ Deal has worked diligently—from China—to: (1) retain U.S. counsel; (2) gather the facts outlined in the Lv Declaration and (3) prepare the Motion and this Memorandum. *See W. Bend*, 2010 WL 11712781, at *2 ("[C]ourts look at 'the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the

grounds relied upon, and the consideration of prejudice, if any, to other parties.'") (citation omitted).

Given that Plaintiff initially filed this case under seal, the identity of the defendants was unknown until November 5, 2020. It was incumbent on Plaintiff to serve all 203 defendants in accordance with the Federal Rules and this Court's order. As to Best AMZ Deal, Plaintiff failed. Therefore, Best AMZ Deal was not able to appear in this case until this Motion, which has been filed approximately four weeks after Best AMZ Deal finally obtained a copy of the Complaint and learned of the Final Judgment. Best AMZ has moved expeditiously here; moreover, the delay should be laid at the feet of the Plaintiff. *See, e.g.*, *United States v. King*, No. 01 C 4710, 2002 WL 31133104, at *2 (N.D. Ill. Sept. 9, 2002) (determining that movants acted with "reasonable quickness" where Rule 60(b) motion was made approximately three months after default judgment was entered where, *inter alia*, movants had to secure counsel).

## C.     BEST AMZ DEAL HAS MERITORIOUS DEFENSES.

Best AMZ Deal has meritorious defenses that it should have the opportunity to present. (*See* Lv Dec. at ¶ 11 ("Had it been aware that it was being accused of being a counterfeiter as well as an infringer, Best AMZ Deal would have welcomed at least the chance to defend itself in Court.").)[2] The standard here is not whether Best AMZ Deal will ultimately prevail on its defenses, but whether those defenses should be heard. *King*, 2002 WL 31133104, at *2 ("[D]efendant is not required to conclusively establish the merits of any defense . . . . The purpose of a Rule 60(b) motion is to decide whether the case should be reopened, not who should ultimately prevail."); *see also Big Burger, Inc. v. Big Burgz, LLC*, Case No. 19-cv-13413, 2020

---

[2]     Best AMZ Deal does not mean to present all of its potential defenses here because its investigation is ongoing, but it understands the need to make this Motion promptly. It reserves the right to, *inter alia*, contest that Plaintiff is the "owner of all rights, title and interest in the marks at issue," or that the marks are "valid, enforceable, and/or incontestable," as alleged in the Complaint. (Compl. at ¶ 10.).

WL 6305074, at *6 (E.D. Mich. Oct. 28, 2020) ("[T]he inquiry focuses on . . . 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'") (citation omitted).

*First*, Best AMZ Deal would like the opportunity to raise the deficiencies in Plaintiff's pleading. The Complaint lists eight trademarks (Compl. at ¶ 10), defined collectively as the "Marks." The Complaint then goes on to refer interchangeably to "mark" and "marks," including Paragraph 35 under Count I:

> Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's **mark** and the fact that Defendants' Counterfeit Products are sold using marks which is [sic] identical or confusingly similar to the Plaintiff's **mark**, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products . . . .

(emphasis added). This fails to provide notice to Best AMZ Deal about the exact trademark or trademarks at issue. *See, e.g.*, *Allison Transmission, Inc. v. Fleetpride, Inc.*, No. 1:16-cv-02455-LJM-MJD, 2017 WL 1282994, at *4 (S.D. Ind. Apr. 5, 2017) (determining that complaint failed to provide sufficient notice where it "merely allege[d] that [defendant] infringed on 'one or more' . . . trademarks, without further defining to which of its trademarks it refers or how [defendant] actually infringed upon its trademarks"). This is particularly problematic here where the salient feature of three of the purported marks (Dkt. #5) is the multi-colored typeface: "The Mark consists of . . . the word 'Rainbow' above the word 'Loom,' and the colors . . . gradating from . . . red, orange, yellow, green, teal and blue and back . . . ."

However, according to the Complaint, the use of "rainbow loom" by Best AMZ Deal that Plaintiff seems to be complaining about—and the only use of "rainbow loom" that there ever was—shows the words "rainbow loom" in all lower case letters, in plain black typeface, with the word "rainbow" next to—not above—the word "loom." (Dkt. #17; *see also* Lv Dec. at ¶¶ 6-7 &

Exs. B-C.) The allegedly infringing use—as best as can be discerned—bears no similarity to at least three of the "marks" that may be at issue, and that is potentially fatal to Plaintiff's claims (Count I-III), given that likelihood of confusion is necessary to all of those claims. *See Sorensen v. WD-40 Co.*, No. 12 C 50417, 2014 WL 4437527, at *10 (N.D. Ill. Sept. 9, 2014) ("[S]imilarity of the marks, defendant's intent, and actual confusion are 'particularly important factors.'"); *see also Fortres Grand Corp. v. Warner Bros. Entmt. Inc.*, 763 F.3d. 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion. . . cannot save a claim if they are implausible.").

Furthermore, Plaintiff has failed to identify the alleged "genuine product images" it claims have been misappropriated; it instead refers to an entire website—rainbowloom.com. (Compl. at ¶ 14.) The rainbowloom.com website contains numerous images. Again, Plaintiff relies on vague, generalized claims: "By misappropriating and using the Plaintiff's marks, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion . . . ." (*Id.* at ¶ 40.) It is Plaintiff's responsibility to identify the "misappropriat[ed]" images—not Best AMZ Deal's responsibility to guess.

Having failed to specify the trademarks and "genuine product images" at issue, it is not surprising that Plaintiff has also failed to allege likelihood of confusion in any meaningful way beyond unsubstantiated conclusions. Instead, Plaintiff blithely asserts that the alleged infringement and counterfeiting has been willful and intentional (*id.* at ¶ 4), but no factual allegations back that up. The Lv Declaration in fact disputes any claim of intent or counterfeiting. (Lv Dec. at ¶¶ 7, 11.) In sum, Best AMZ Deal has meritorious defenses to raise

regarding the insufficiency of Plaintiff's pleading. *See Technomarine SA v. Jacob Time, Inc.*, 905 F. Supp. 2d 482, 489 (S.D.N.Y. 2012).

Along similar lines, Best AMZ Deal has a further response to the Complaint pursuant to Rule 21.[3] As this Court has previously recognized, defendants cannot be shoehorned into one lawsuit as "infringers" and "counterfeiters" for the convenience of the Plaintiff. *See Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (considering *sua sponte* the joinder of dozens of defendants and determining that joinder was improper because "time and again the courts of this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark"). There are accusations in the Complaint that "defendants" are "interrelated" (Compl. at ¶ 4), but no factual allegations explaining who is "interrelated" to whom, and how. Nothing in the Complaint explains why Best AMZ Deal should be lumped together with 202 other defendants with whom Best AMZ Deal has no relationship. *See Thermapure, Inc. v. Temp-Air, Inc.*, No. 10–cv–4724, 2010 WL 5419090, at *10 (N.D. Ill. Dec. 22, 2010); *DirecTV, Inc. v. Perez*, No. 03-C-3504, 2003 WL 22682344, at *2 (N.D. Ill. Nov. 12, 2003).

*Second*, Best AMZ Deal has a meritorious fair use defense. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001) ("To prevail on the fair use defense, defendants must show that: (1) they used [the alleged trademark at issue] in a non-trademark use; (2) the phrase is descriptive of their goods or services; and (3) they used the phrase "fairly and in good faith" only to describe their goods or services.")). The product at issue is a Refill Kit containing, *inter alia*, novelty bands and clips that can be woven together. (Lv Dec. at ¶¶ 3, 7.) The purpose

---

[3]  This Court may dismiss a case pursuant to Rule 21. *See, e.g.*, *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *4 (N.D. Ill. Mar. 30, 2010).

of the Refill Kit is that someone could use another kit and add any leftover bands, clips, etc. to the Refill Kit. That is why the Refill Kit does not include a looming board used to weave the bands together, something that is included in some other kits, and also why the plastic container for the Refill Kit is larger than some other kits. (*Id*.) The words "rainbow loom" briefly on the Best AMZ Deal webpage were used to describe how the Refill Kit could be used; they were not used as a trademark, or to suggest any connection or affiliation with Plaintiff. (*Id*. at ¶ 7.)

These facts indicate that Best AMZ Deal has a meritorious defense of fair use. *See, e.g.*, *Games Workshop Ltd. v. Chapterhouse Studios, LLC*, No. 10 C 8103, 2012 WL 5949105, at *12, 18 (N.D. Ill. Nov. 27, 2012) (denying summary judgment motions regarding fair use defense where alleged infringer claimed, *inter alia*, that use of the mark in question was "only insofar as necessary to alert its customers regarding what particular [plaintiff] products [defendant]'s products are designed to fit"); *SportFuel, Inc. v. PepsiCo., Inc*., 932 F.3d 589, 600-01 (7th Cir. 2019) (affirming summary judgment for alleged trademark infringer where, *inter alia*, there was evidence that alleged infringer used the mark in good faith in a descriptive sense). Even if the Complaint were read to allege likelihood of confusion as to the marks at issue, including the standard character marks, Best AMZ Deal should still have the chance to assert fair use. *See Ciociola v. Harley-Davidson Inc.*, 552 F. Supp. 2d 845, 860 (E.D. Wis. 2008) (granting summary judgment for alleged infringer where, "even if the plaintiff has evidence of actual confusion, a showing of actual confusion is not dispositive on the issue of whether the defendant has used the term [at issue] in a non-trademark sense"); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 119-20 (2004) (determining that, even where an accused infringer asserts a fair use defense, demonstrating likelihood of confusion is plaintiff's burden).

*Third*, even if Plaintiff has a cognizable claim for liability, Best AMZ Deal should be afforded the opportunity to dispute the amount of damages assessed against it. This Court awarded damages in an amount that includes "[a]ll monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Platforms . . . ." (Final Judgment at 5.) However, Best AMZ Deal has at least the additional meritorious defenses that: (1) there was no intent or bad faith; (2) the words "rainbow loom" were on Best AMZ Deal's storefront for a limited time and (3) that any alleged infringement has been *de minimis* and caused little damage to Plaintiff. (Lv Dec. ¶¶ 3-4, 6-7.) *See, e.g.*, *Luxottica Group S.P.A. v. Hao Li*, No. 16 CV 487 and No. 16 CV 1227, 2017 WL 621966, at *6 (N.D. Ill. Feb. 15, 2017) (considering mitigation efforts and lack of evidence showing that defendant was "a large-scale counterfeiter," or that plaintiff had suffered substantial harm in assessing damages).

To justify the seizure of Best AMZ Deal's Operating Capital, Plaintiff has pointed to other decisions ordering similar asset seizures. (Ex Parte TRO at 11-12.) The cases Plaintiff cites from this District only highlight the problem here because in every one of those cases, *none* of the defendants appeared to defend themselves. (*Id.* at 11-12.) Plaintiff may have been hoping that this case would follow suit, which just underscores the danger these types of lawsuits pose. *See Am. Bridal & Prom Indus. Ass'n v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 934-35 (N.D. Ill. 2016) ("Without sufficient investigation, Plaintiffs cast an extremely wide net. . . [over] defendants who have no connection to this state, based upon the erroneous assumption that simply alleging the existence of purported counterfeiting via an interactive website is enough. . . . It is not.")

*Fourth*, Best AMZ Deal has at least a meritorious procedural defense for lack of personal jurisdiction. Plaintiff claims, on information and belief, that "Defendants" like Best AMZ Deal

transact business in and target Illinois, (*see, e.g.*, Compl. at ¶¶ 7-8) based upon the use of

"websites" (Ex Parte TRO at 14). However, "interactivity of a website is . . . a poor proxy for

adequate in-state contacts." *Advanced Tactical Ordance Sys., LLC v. Real Action Paintball, Inc.*,

751 F.3d 796, 803 (7th Cir. 2014) ("[I]f having an interactive website were enough in situations

like this one, there is no limiting principle—a plaintiff could sue everywhere."). Judge Blakely

in *American Bridal* declined to find personal jurisdiction over hundreds of defendants where the

Plaintiff failed to demonstrate:

> that the websites were any more accessible in Illinois than anywhere else in the
> world; . . . that any Illinois residents actually accessed the websites; . . . [that] any
> injury occur[ed] in Illinois; . . . that . . . Defendant took any action with respect to
> Illinois in particular. [Plaintiff has] not alleged or shown that any of the
> Defendants specifically agreed to ship to Illinois or that they otherwise reached
> out to, or expressly aimed their activities at, this state or its residents.

*Am. Bridal*, 192 F. Supp. 3d at 934. Here, the best Plaintiff can do regarding "minimum

contacts" is to allege, "upon information and belief, [that] each Defendant has sold Counterfeit

Products into . . . Illinois." (Compl. at ¶ 27.) However, the fulfillment of Best AMZ Deal's sales

of Refill Kits is done through Amazon, which ships Kits within the United States.[4] (Lv Dec. at ¶

2.) The only "minimum contacts" here are actually contacts between non-party Amazon and

residents of Illinois—not Best AMZ Deal and Illinois. *See Walden*, 571 U.S. at 284 ("We have

consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by

---

[4]     Plaintiff's reliance on *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 907 (N.D. Ill. 2015) is
misplaced (PI Mem. at 5) because in that case, defendants selected a shipping template to ship to Illinois and had
communicated with residents in Illinois regarding their purchases. Plaintiff submitted (Dkt. # 17) a screen shot of the
Best AMZ Deal store with a comment from an unnamed "Amazon customer" about shipping, but there is no
indication that that unnamed "Amazon customer" was a resident of Illinois, and the Lv Declaration demonstrates
that shipping of the Refill Kits was done by Amazon. (Lv Dec. at ¶ 2.)

demonstrating contacts between the plaintiff (*or third parties*) and the forum State.") (citations omitted) (emphasis added).[5]

***

In balancing the equities here, the balance tips overwhelmingly in favor of granting the Motion. Plaintiff has pushed this case forward to default judgment having made no effort to prove up the allegations in the Complaint. As a result of Plaintiff's Complaint, Best AMZ Deal has been unwilling to sell the Refill Kits and has not had access to its Operating Capital. Plaintiff's allegations have had an out-sized impact on Best AMZ Deal, but if the Final Judgment were vacated, Plaintiff would simply be required to "litigate the case, which . . . [it] would have had to do had there been no default." *Garcia v. H&Z Foods, Inc.*, No. 14 C 5101, 2015 WL 3687374, at *2 (N.D. Ill. June 10, 2015).

Finally, Best AMZ Deal respectfully requests that this Court award it its reasonable costs in connection with this Motion. Had Plaintiff properly served Best AMZ Deal with the Complaint or any of the motions in this case, the instant Motion would have been unnecessary. *See, e.g.*, *Gholson v. Lewis*, Case No. 07 C 3694, 2007 WL 9817930, at *2 (N.D. Ill. Oct. 26, 2007).

CONCLUSION

In light of the foregoing, Defendant Best AMZ Deal respectfully requests that this Court grant its Motion and such other and further relief as this Court deems just and proper.

Dated: April 27, 2021

---

[5]     Best AMZ Deal believes that service by e-mail is improper here because the Central Authority in China outlines the procedures for proper service, which were not followed by Plaintiff. See China - Central Authority & Practical Information, available at https://www.hcch.net/en/states/authorities/details3/?aid=243. To justify service by e-mail, Plaintiff falls back on its unsubstantiated claim that defendants are "international e-business scofflaw[s]," which is incorrect and unavailing. *See Am.* Bridal, 192 F. Supp. 3d at 932-34; *see also* (Lv Dec. at ¶ 8.)

Best AMZ Deal


By:_/s/Wesley E. Johnson
        One of its attorneys

Wesley E. Johnson
Goodman Tovrov Hardy & Johnson LLC
105 W. Madison, Suite 1500
Chicago, IL 60602
(312) 752-4828 (WEJ)
Fax: (312) 264-2535
wjohnson@goodtov.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 27, 2021, I served a copy of the attached Memorandum of Law in Support Of Motion Pursuant to Rule 60(B) Of The Federal Rules Of Civil Procedure, on all parties who have appeared via ECF:

By:/s/ Wesley E. Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Choon's Design, LLC,<br><br>Plaintiffs,<br>v.<br>THE PARTNERSHIPS and<br>UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE "A",<br>Defendants. | Case No.: 1:20-cv-5923<br>Judge Rebecca R. Pallmeyer<br>Magistrate Judge Sunil R. Harjani |

**<u>DECLARATION OF YUAN LV</u>**

I, YUAN LV, hereby declare under penalty of perjury under the laws of the United States

that the following is true and correct to the best of my knowledge, information and belief.

1.      I am a Manager of a company in China called

ShenzhenshiBaoanquXixiangYingniWujinZhipinChang (the "Company").  The Company owns

a store on Amazon called Best AMZ Deal, and I operate that store.  The store ID for Best AMZ

Deal is A21MTXOSHSJUOB.  Buself, a brand specializing in toys and crafts for children,

licenses the Company to use the brand to sell children's toys and crafts on the Best AMZ Deal

store.

2.      I am a citizen and resident of China.  I have never been to Illinois or the United

States.  Best AMZ Deal does not directly conduct any regular business with any person or any

company located in Illinois, except to the extent that products ordered from Best AMZ Deal and

shipped to Amazon for fulfillment by Amazon are ultimately shipped by Amazon to Illinois.

The Company is an independent business operating in China.  The Company, the Buself brand

and Best AMZ Deal have no offices or employees anywhere in the United States. Best AMZ Deal only has an online store on Amazon, and the store sells a variety of toys and crafts.

3.      Beginning in August 2020, one of the items Best AMZ Deal began selling was a refill crafts kit (the "Refill Kit") for children, which contained rainbow-colored rubber bands, beads, and charms that can be woven together, with rings, tassels and stickers for additional decoration, as well as backpack hooks and hair clips. The Refill Kit also included two "Y"-shaped looms and five hooks for crocheting. The Refill Kit is sold as a clear plastic storage case with individual compartments for the items in the Refill Kit. These types of looming kits are a fairly popular item on Amazon as parents try to move children away from their phones or tablets, so there are a variety of these kits on Amazon. The Refill Kit is meant to be a supplement or refill for other looming kits so that someone could use another kit and then take whatever bands, clips, etc. were left over and add them into the Refill Kit. That is why the Refill Kit does not include the looming board used to weave the bands together, something that is included in some other kits. The idea is that someone could transfer the looming board into the Refill Kit. That is why the plastic container for the Refill Kit is slightly larger than some other kits. The Refill Kit is also meant to supplement other kits because it has novelty bands, including some that glow in the dark, and extra crocheting hooks, in case someone loses or breaks hooks from another kit.

4.      Best AMZ Deal had an account on Amazon, and as of about February 2021, that account contained approximately $22,000 (the "Operating Capital"). The Operating Capital includes revenue from sales of *all* products sold by Best AMZ Deal—not just sales of the Refill Kits—and is used to pay operating expenses for the Best AMZ Deal store, such as storage costs for products shipped to Amazon's warehouse. Of its total gross sales revenue, only 11.1% came

from Best AMZ Deals' sales of the Refill Kits, totaling $9,342.58. Best AMZ Deal learned in February 2021 that its Operating Capital has been frozen since October 2020.

5.    On October 21, 2020, in China, Best AMZ Deal was notified by Amazon that the listing for the Refill Kit had been removed. The notice received from Amazon is attached to this declaration as Exhibit A (the "Amazon Notice"), and it was sent to the email address that was used by Best AMZ Deal to register the online store—usweibin-c@outlook.com. From the Amazon Notice, it looked like someone somewhere in the United States was saying there was some intellectual property infringement by Best AMZ Deal.

6.    Best AMZ Deal moved quickly to try to address the problem with the little information from the Amazon Notice. The first priority was trying to guess what the intellectual property issue could be. Because there are other looming kits for rainbow-colored bands on Amazon, Best AMZ Deal focused on the words "rainbow loom" that were included in two images on its Amazon store page. Screenshots of the Best AMZ Deal store page that contained the words "rainbow loom" are attached to this Declaration as Exhibits B and C. On those screenshots, "rainbow loom" was written in plain, black type in all lowercase letters, with "rainbow" next to "loom."

7.    Thinking that a competitor selling one of the other looming kits for rainbow-colored bands was claiming some kind of infringement, the words "rainbow loom" were removed from the Best AMZ Deal store. Mentioning "rainbow loom" on the Best AMZ Deal store was only meant to help describe how the Refill Kit could be used—as a refill kit for other looming kits for rainbow-colored bands—and not as a brand name for the Refill Kit itself. It was also not meant to confuse anyone into thinking that Best AMZ Deal was selling another manufacturer's kit, or had any relationship to another kit manufacturer. The words "rainbow

loom" on the Best AMZ Deal store refer generally to rainbow-colored band looming kits in order to describe how to use the Refill Kit. The words "rainbow loom" as shown in Exhibits B and C were the only use of those words on the Best AMZ Deal store. Since about October 23, 2020, both of those references have been removed as shown in Exhibit D, and no other references to "rainbow loom" have been added to the Best AMZ Deal store. The current version of the Best AMZ Deal storefront can be found at https://www.amazon.com/dp/B07X7RWXG7.

8.      After the words "rainbow loom" were deleted from the Best AMZ Deal storefront, I directed people working for me to inform Amazon and the party listed in the Amazon Notice as the "rights owner." On October 27, October 28 and October 29, 2020, the emails attached to this declaration as Exhibits E1 through E3 were sent to the email address in the Amazon Notice, info@gulbransenlaw.com. In sending these emails, Best AMZ Deal was not admitting that it infringed anything. The reference to infringement is based on what little information there was in the Amazon Notice. As of the date of this Declaration, no one at Best AMZ Deal has received any response to any of the emails attached as Exhibits E1 through E3.

9.      I understand that Plaintiff has submitted a summons stating that Best AMZ Deal and the other defendants were served with the complaint by email. I can confirm that Best AMZ Deal did not receive the complaint by email at any time in November 2020. I can also confirm that in November, having no response to the emails sent to info@gulbransenlaw.com, Best AMZ Deal did try to get additional information from Amazon, but Best AMZ Deal was unable to obtain the complaint.

10.     Best AMZ Deal continued to try to get information about this case during the first quarter of 2021, trying from China to find U.S. counsel to help. The first time Best AMZ Deal received a copy of the complaint was at the end of March 2021, when I understand that U.S. counsel obtained a copy from the internet. It was also at the end of March that Best AMZ Deal first learned that a judgment had been entered against it. I understand that motions have been filed in this case by the Plaintiff, but Best AMZ Deal has not received any of them by email or any other way. Until the end of March 2021, Best AMZ Deal did not know where in the United States it was being sued, was unsure of exactly what claims were being made against it and was unsure of who was suing it.

11.     Toward the end of March 2021 (around March 29 in China), when Best AMZ Deal received a copy of the complaint and Judgment Order from its counsel, Best AMZ Deal learned for the first time that it was being called a counterfeiter working in "active concert" with the other defendants as counterfeiters. Best AMZ Deal is not a counterfeiter. Best AMZ Deal is not working with the other defendants to counterfeit. Best AMZ Deal's Refill Kit is not designed to confuse people. Best AMZ Deal simply sells Refill Kits that can be used with other looming kits for rainbow-colored bands. Had it been aware that it was being accused of being a counterfeiter as well as an infringer, Best AMZ Deal would have tried to defend itself. With what little information it had, Best AMZ Deal tried to address the issues, but Plaintiff did not provide the complaint.

12.     Because of Plaintiff's lawsuit, Best AMZ Deal is still unable to access its Operating Capital. Since Amazon removed the Refill Kits from the Best AMZ Deal store in October 2020, Best AMZ Deal does not dare sell its Refill Kits, even though Best AMZ Deal

does not believe that those Kits are infringing. Because Best AMZ Deal has not had a chance to defend itself, Best AMZ Deal has not sold its Refill Kits and has been unable to access its Operating Capital, which is a significant asset. I understand that in this case, Plaintiff put up a $10,000 security bond, less than half the Operating Capital. I understand that that $10,000 has been returned to Plaintiff, but Best AMZ Deal is still unable to access its Operating Capital.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief and was signed by me on the date below.

_____Yuan Lv_____

Yuan Lv

Date: ___4/26/2021___

# Exhibit A

Amazon <no-reply@amazon.com>
周三 2020/10/21 3:53
收件人：usWeibin-C@outlook.com

↰  ↰  →



Hello from Amazon,

We are writing to inform you that we removed some of your listings and your
disbursements from your seller account have been placed on hold. We took this action in
accordance with a Temporary Restraining Order issued by a federal court. Items that
infringe another party's copyright, patent, trademark, design right, database right, or other
intellectual property or other proprietary right are prohibited. For more information on this
policy, search on "Prohibited Content" in seller Help.

To resolve this dispute, we suggest that you contact the rights owner directly:

Contact info:
RO ABC LLC
David Gulbransen
Law Offices of David Gulbransen
805 Lake Street, Suite 172
Oak Park, Illinois 560301
T: 312-361-0825
F: 312-873-4377

If you resolve this matter with the rights owner, please advise them to contact us at
notice-dispute to withdraw their complaint.

Please be advised that we are not in a position to provide any further information
regarding this action, nor to address any messages directed to us in appeal. We may not

# Exhibit B

## About the clear storage case



## Removable Dividers

In case you get a rainbow loom to be placed,
just pull the dividers up and put it in.

# Exhibit C



Roll over image to zoom in

# Exhibit D



About the clear storage case

**Removable Dividers**

In case you get a loom board to be placed, just pull the dividers up and put it in.

**Portable Oraganizer**

You could easily bring it on the go and have fun due to the portable size design.

**Kids Pack Easily**

With the help of case, even kids could pack bands easily by themselves.



Kids could bring it everywhere they go

Swimming Pool

Vacation time, portable loom rubber bands for you and enjoy whenever kids are free .

# Exhibit E1

**Pray for withdraw a complaint on Amazon**

 Golden Geneva
周二 2020-10-27 22:56
收件人：info@gulbransenlaw.com

Dear David Gulbransen ，

Sorry to disturbe.
Here is seller of rainbow rubber bands refill kit on Amazon and we get an infringement notification on 20/10/2020.
We are not sure what the infringement is so we carefully checked our list again and again and modified all the content that may leads to infringement. We are so sorry if there were any misunderstandings.

Could you pls help review if anywhere we should modify again? We will correct it immediately.

If the asin have matched your requirement, help contact Amazon at notice-dispute@amazon.com to withdraw the complaint.
That really means a lot to us. Much appreciated for your help.

ASIN: B07X7RWXG7
Complaint ID: 7491480031

Best Regards,
Buself

答复 ｜ 转发

# Exhibit E2

**Pray for withdraw a complaint on Amazon**

 Golden Geneva
周三 2020-10-28 10:14
收件人：info@gulbransenlaw.com

Dear David Gulbransen ,

Sorry to disturbe.
Here is seller of rainbow rubber bands refill kit on Amazon and we get an infringement notification on 20/10/2020.
We are not sure what the infringement is so we carefully checked our list again and again and modified all the content that may leads to infringement. We are so sorry if there were any misunderstandings.

Could you pls help review if anywhere we should modify again? We will correct it immediately.

If the asin have matched your requirement, help contact Amazon at notice-dispute@amazon.com to withdraw the complaint.
That really means a lot to us. Much appreciated for your help.

ASIN: B07X7RWXG7
Complaint ID: 7491480031

Best Regards,
Buself

答复 ｜ 转发

# Exhibit E3

## Pray for withdraw a complaint on Amazon



Golden Geneva
周四 2020-10-29 11:25
收件人: info@gulbransenlaw.com

Dear David Gulbransen ,

Sorry to disturbe.
Here is seller of rainbow rubber bands refill kit on Amazon and we get an infringement notification on 20/10/2020.
We are not sure what the infringement is so we carefully checked our list again and again and modified all the content that may leads to infringement. We are so sorry if there were any misunderstandings.

Could you pls help review if anywhere we should modify again? We will correct it immediately.

If the asin have matched your requirement, help contact Amazon at notice-dispute@amazon.com to withdraw the complaint. That really means a lot to us. Much appreciated for your help.

ASIN: B07X7RWXG7
Complaint ID: 7491480031

Best Regards,
Buself

 答复 | 转发